UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
NOV 1 6 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Ervin Antonia Alexander, )
)
      Plaintiff, )
)
v. ) Civil Action No. **10 1956**
)
CCA, )
)
      Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's action upon a determination that the complaint, among other grounds, fails to state a claim upon which relief can be granted).

Plaintiff is a Georgia prisoner confined at the Wheeler Correctional Facility in Alamo, Georgia. He claims, among other wrongs, that he "was sentenced to do time in the state penal system by court order but [is] being punished again with involuntary servitude[.]" Compl. at 2. Plaintiff seeks, *inter alia*, "a court order against further violations of the Trafficking Victims Protection Act of 2000" and $10 million in monetary damages for "kidnapping, false imprisonment, force [sic] labor and physical injury." *Id.* at 4.

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," *Muhammad v. Close*, 540 U.S. 749, 750 (2004), which must be pursued in the judicial district having jurisdiction over the petitioner's immediate custodian. *See*



3

*Rooney v. Sec'y of Army*, 405 F.3d 1029, 1032 (D.C. Cir. 2005) (habeas "jurisdiction is proper only in the district in which the immediate . . . custodian is located") (internal citations and quotation marks omitted). But even if this vague complaint is construed as a civil action challenging the conditions of plaintiff's confinement, this judicial district is not the proper venue for litigating such a claim. *See* 28 U.S.C. § 1391(b) (designating the proper venue under the circumstances presented as the location where a substantial part of the events occurred). Plaintiff's recourse lies, if at all, in the United States District Court for the Southern District of Georgia. A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Rosemary M. Collyer
United States District Judge

Date: November 9, 2010